IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| DANIEL BARNETT, § | |
| § | |
| Plaintiff/Counter-Defendant, § | |
| § | |
| v. § | 2:24-CV-230-Z-BR |
| § | |
| REFINISHING SYSTEMS and § | |
| MATTHEW C. ARMSTRONG, § | |
| § | |
| Defendants/Counter-Claimants. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS TO GRANT PLAINTIFF'S MOTION TO REMAND

Plaintiff Daniel Barnett's Motion to Remand And Brief In Support, (ECF 8), was referred to the undersigned for findings, conclusions, and recommendations. (ECF 22). Having considered the briefing, appendices, and relevant law, it is the recommendation of the undersigned United States Magistrate Judge to the United States District Judge that Plaintiff's Motion to Remand be granted.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff/Counter-Defendant Daniel Barnett ("Plaintiff") originally filed his lawsuit in state court for declaratory judgment, conversion, theft of property, and replevin. (ECF 1, Ex "B" at 8). Defendant/Counter-Claimant Refinishing Systems and Defendant/Counter-Claimant Matthew Armstrong ("Defendants") removed on the basis that "[t]his Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331(a) because the counterclaims filed by [Defendants] involve federal statutes including 36 C.F.R. § 2.22(b)(4), 36 C.F.R. § 4.10, 36 C.F.R. § 4.12, and 36 C.F.R. § 4.13." (ECF 1 at 2). Plaintiff subsequently filed a Motion to Remand. (ECF 8).

**A. Incident At Lake Meredith National Recreation Area**

Plaintiff owns a 2023 Can-Am off-roading vehicle ("Can-Am") and, on September 8, 2024, took the Can-Am off-roading at Lake Meredith National Recreation Area ("Lake Meredith").[1] Lake Meredith maintains a designated area for off-roading vehicles. (ECF 1, Ex "B" at 9); *see also* 36 C.F.R. § 7.57. Plaintiff drove the Can-Am into an area that was restricted to off-roading vehicles; however, he was unaware that it was a restricted area. *Id*. ("The Blue Creek Cove area connects with the Lake Meredith shoreline….a boundary that separates where off roading vehicles are allowed and where they are not…the sign indicating where the boundary line exists was not displayed."). Then, "[t]he Can-Am wheels got stuck in the water and rocks." (*Id*.). Plaintiff attempted to pull the Can-Am out of the water with his 2014 Chevy Silverado Truck ("Silverado Truck"), which then also got stuck in the rocky terrain. (*Id*. at 10). Soon thereafter, unbeknownst to Plaintiff, Tanner Poindexter, a Lake Meredith Park Ranger ("Ranger Poindexter"), was notified of the incident and contacted Defendant Refinishing Systems to tow the vehicles. (*Id*.). Ranger Poindexter then arrived on the scene. (*Id*.).

Ranger Poindexter issued Plaintiff two citations, one for each vehicle, pursuant to 36 C.F.R. § 7.57. The citations stated, "stuck in lake, outside off-road area, in an ATV." (*Id*.). Defendant Refinishing Systems provided Plaintiff with two invoices totaling $56,600 for towing the Can-Am and Silverado Truck, and "charged [Plaintiff] for additional laborers, time, and equipment; not connected to the towing or extraction of either of [his] vehicles out of the terrain." (*Id*. at 11-12).

---

[1] The facts in this section are taken from Plaintiff's allegations and are credited only for the limited purpose of evaluating Defendants' Motion to Remand. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("To determine whether jurisdiction is present for removal, we consider the claims in the state court petition . . . [and a]ny ambiguities are construed against removal[.]") (internal citations omitted). The undersigned's recommendation to remand does not turn on any disputed questions of fact.

Plaintiff is also accruing daily storages charges since the incident on September 8, 2024. (ECF 17 at 1).

### B. The Justice of the Peace Court, Precinct One And Moore County Court of Law Proceedings

Plaintiff alleges that he "requested a Tow Hearing…within the allotted 14 days after the tow occurred with the Justice of the Peace Court, Precinct [One] Court in Moore County." (ECF 8 at 2). However, "[t]he Justice of the Peace refused to accept the request for the hearing, and the clerk stated if anything was filed in her court it would be dismissed due to the jurisdictional dollar amount of the court." (*Id*. at 2-3).

Therefore, on September 23, 2024, Plaintiff filed a Request for Hearing under Chapter 2308, Texas Occupations Code with the Moore County Court at Law. (ECF 8-1 at 4). The Moore County Court at Law required Plaintiff to file a petition along with the Request for Hearing. (ECF 8 at 3). Thus, Plaintiff filed his Original Petition, Request For Declaratory Judgment, and Replevin, which formed the basis for Defendants' removal to this Court. (ECF 1, Exhibit "B" at 8) (noting the state court cause number as CL133-24). However, the Moore County Attorney later notified Plaintiff that the Justice Court maintains exclusive jurisdiction over the Request for Tow Hearing under Chapter 2308 of the Texas Occupations Code. (ECF 8-1 at 50).

The Justice of the Peace Court, Precinct One held a hearing on October 10, 2024. (ECF 8 at 3). That court dismissed the matter for lack of jurisdiction because "the invoices included items such as front-end loaders and tractors which did not constitute a tow." (*Id*.); (*see also* ECF 8-1 at 52) (noting J.P court cause number ADM-24-T01). On approximately October 21, 2024, Plaintiff attempted to file an appeal with the Justice of the Peace Court, Precinct One, but the court rejected both the appeal and the deposit. (ECF 8 at 3).

In response, Plaintiff filed a Notice of Appeal to the Justice of the Peace Court's decision in the County Court of Law in Moore County, under the state court cause number CL133-24; "however, the County Court at Law refused to file the Notice of Appeal." (*Id*. at 4); (*see also* ECF 8-1 at 54). Then, on October 25, 2024, Defendants filed their Notice of Removal in this Court. (ECF 8 at 4). Additionally,

> [o]n October 30, 2024, with the permission of County Attorney…and…judge of the County Court at Law, Moore County, Plaintiff filed a Notice of Appeal from the [Justice of the Peace Court, Precinct One] judgment as a new matter, not connected with this removed matter, in the County Court at Law in Moore County; it is currently pending.

(*Id*.) (citation omitted).

## II.     **STANDARD OF REVIEW**

28 U.S.C. Section 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States." 28 U.S.C. § 1441(a). The well-pleaded complaint rule provides that "[a] defendant cannot remove an action to federal court unless the plaintiff pleaded a federal question on the face of his complaint." *Manyweather v. Woodlawn Manor, Inc.*, 40 F.4th 237, 242-43 (5th Cir. 2022). Consequently, removal jurisdiction is generally not satisfied by raising a federal defense or a counterclaim. *See Vaden v. Discover Bank*, 556 U.S. 49, 61-62, 129 S. Ct. 1262, 1273, 173 L. Ed. 2d 206 (2009) ("[C]ounterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."); *Melton v. Bell Textron, Inc.*, 655 F. Supp. 3d 510, 514 (N.D. Tex. 2023).

The removing party bears the burden to show "that federal jurisdiction exists and that removal was proper." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (quoting *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 397, 397 (5th Cir. 2013)). A party may move to remand a previously removed case and "[a]ny ambiguities are construed against removal and in favor of

remand to state court." *Mumfrey*, 719 F.3d at 397; *see also* 28 U.S.C.A. § 1447(c). Removal jurisdiction must be strictly construed and "doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)); *see also Melton*, 655 F. Supp. 3d, at 514.

### III.  ANALYSIS

**A.  Whether Plaintiff's state-law claims implicate significant federal issues.**

On its face, Defendants' Notice of Removal asserts federal jurisdiction based upon their counterclaims. (ECF 1 at 2). This is clearly inadequate under the well-pleaded complaint rule. *Vaden*, 556 U.S. at 61-62. However, Defendants argue in their Response To Plaintiff's Motion To Remand that, rather than a federal question appearing within their counterclaim, Plaintiff's complaint relies on federal law. (ECF 10 at 8) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314, 125 S. Ct. 2363, 2366, 162 L. Ed. 2d 257 (2005)).

Defendants assert that Plaintiff's state-law claims of declaratory judgment, conversion, theft of property, and replevin rest in a challenge to Ranger Poindexter's authority under 36 C.F.R. § 2.22(b)(4), which pertains to the governance of a person's chattel property within National Parks, and 36 C.F.R. § 4.10, § 4.12, and § 4.13, which pertain to vehicle and traffic safety within National Parks. (*See* ECF 10 at 2) ("Plaintiff's causes of action are based on the actions of the Defendants that were directed by a federal employee enforcing federal violations on federal land."). Plaintiff counters that he does not dispute Ranger Poindexter's authority but disputes the amount Defendants charged Plaintiff for the tow and impoundment, which are governed by the Texas Occupations Code. (ECF 17 at 4)

In *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, the Supreme Court addressed an exception to the well-pleaded complaint rule that "in certain cases federal-

5

question jurisdiction will lie over state-law claims that implicate significant federal issues." 545 U.S. at 312. The *Grable* court made clear that a federal issue was not "a password opening federal courts to any state action embracing a point of federal law." *Id.* at 314. Rather, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id*. Or, stated differently, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258, 133 S. Ct. 1059, 1065, 185 L. Ed. 2d 72 (2013).

"Where all four of these requirements are met...jurisdiction is proper." *Id*. A court looks to the face of a plaintiff's well-pleaded complaint to determine whether the issues it raises implicate *Grable. See Mitchell v. Advanced HCS, L.L.C.*, 28 F.4th 580, 589 (5th Cir. 2022). "*Grable* applies to a special and small category of cases." *Ubaldo v. F&A Border Transp., LLC*, No. EP-24-CV-47-KC, 2024 WL 1904545, at *5 (W.D. Tex. May 1, 2024) (cleaned up) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)). "The type of claim that creates a federal question under *Grable* is typically a state-law claim premised on some component of federal law." *Mitchell*, 28 F.4th at 588 (citation omitted).

### B. The *Grable* Doctrine

"Under [the] first element of the *Grable* doctrine, a federal issue is necessary to resolution of a state law claim if a federal law or regulation is alleged as an exclusive basis for holding defendants liable." *Marble v. Crownquest Operating, LLC*, No. MO:23-CV-00009-DC-RCG, 2023 WL 4669673, at *3 (W.D. Tex. June 27, 2023), *report and recommendation adopted*, No.

MO:23-CV-00009-DC, 2023 WL 4672452 (W.D. Tex. July 20, 2023). "When a claim can be supported by alternative and independent theories of recovery, one based on state law and the other on federal law, that claim may not form the basis for federal question jurisdiction because federal law is not a 'necessary' element of the claim." *Maher v. Vaughn, Silverberg & Assocs., LLP*, 95 F. Supp. 3d 999, 1009 (W.D. Tex. 2015) (quoting *Goffney v. Bank of Am., N.A.*, 897 F. Supp. 2d 520, 526 (S.D. Tex. 2012)).

Though Defendants are correct that "Plaintiff's causes of action…relate to the removal of Plaintiff's vehicles at the request of Ranger Poindexter pursuant to his authority," (ECF 10 at 9) the question of Ranger Poindexter's authority does not implicate a federal issue necessary to the resolution of the state law claims. By contrast, in *Grable*, "[w]hether Grable was given notice within the meaning of the federal statute" was "an essential element of its quiet title claim." *Grable*, 545 U.S. at 315 ("The meaning of the federal statute is actually in dispute; it appears to be the only legal or factual issue contested in the case.").

Plaintiff's conversion and theft of property causes of action will require Plaintiff to prove that Defendants "unlawfully and without authorization assumed and exercised dominion and control over the property to the exclusion of, or inconsistent with the plaintiff's rights as an owner." *Apple Imps., Inc. v. Koole*, 945 S.W.2d 895, 899 (Tex. App.–Austin 1997, writ denied)). Defendants may be able to answer by reference to the cited regulations, but there is no federal question that must necessarily be answered in order to resolve Plaintiff's claims.

Because the first factor of *Grable* is not met, no further analysis is necessary. *See Gunn*, 568 U.S. at 258. However, out of an abundance of caution, the undersigned highlights that this case also does not meet the *Grable* elements of "actually disputed," "substantial," and "capable of resolution in federal court without disrupting the federal-state balance approved by Congress."

Regarding the "actually disputed" element, Defendants argue "[f]actor two is satisfied because there is a significant dispute as to whether Defendants improperly removed Plaintiff's vehicles." (ECF 10 at 9). However, a dispute over whether Plaintiff's vehicles were properly removed does not automatically imply a dispute over whether park rangers properly have the authority to order vehicles towed. *See Bd. of Commissioners of Se. Louisiana Flood Prot. Auth.-E. v. Tennessee Gas Pipeline Co., L.L.C.*, 850 F.3d 714, 723 (5th Cir. 2017). In this case, no federal issue is actually disputed between the parties.

Regarding the "substantial" element, Defendants argue that Ranger Poindexter's authority raises a substantial federal issue "because if it is determined <u>he did have authority under federal law</u>, then Plaintiff's causes of action are completely without merit." (ECF 10 at 9) (emphasis in original). But under *Grable*,

> it is not enough that the federal issue be significant to the particular parties in the immediate suit; that will always be true when the state claim "necessarily raise[s]" a disputed federal issue, as *Grable* separately requires. The substantiality inquiry under *Grable* looks instead to the importance of the issue to the federal system as a whole.

*Gunn*, 568 U.S. at 260.

Here, the question of Ranger Poindexter's power to authorize the tow does not implicate a substantial federal issue or give rise to "[t]he Government's direct interest in the availability of a federal forum to vindicate its own administrative action." *See id*. at 260-61 (cleaned up) (quoting *Grable*, 545 U.S. at 315). Nor does "the decision depend…upon the determination of the constitutional validity of an act of Congress which is directly drawn in question." *Id*. at 261 (cleaned up) (quoting *Smith v. Kansas City Title & Tr. Co.,* 255 U.S. 180, 201, 41 S. Ct. 243, 246, 65 L. Ed. 577 (1921)). This matter, and the question of Ranger Poindexter's authority, does not implicate a substantial federal issue.

Finally, as to the "federal-state balance" element, a court must consider a

8

welter of issues regarding the interrelation of federal and state authority and the proper management of the federal judicial system. (internal citation omitted) Because arising-under jurisdiction to hear a state-law claim always raises the possibility of upsetting the state-federal line drawn (or at least assumed) by Congress, the presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive; there must always be an assessment of any disruptive portent in exercising federal jurisdiction.

*Grable*, 545 U.S. at 314.

Here, as Plaintiff acknowledges, Congress by virtue of 49 U.S.C. Section 14501(c)(2)(c) "explicitly delegates jurisdiction regarding vehicle tows to the states, and an assertion of federal jurisdiction by this Court would disturb the balance of federal and state judicial responsibilities." (ECF 17 at 4). The undersigned agrees. Plaintiff's well-pleaded complaint does not implicate *Grable*. Removal jurisdiction must be strictly construed. *Gutierrez*, 543 F.3d at 251. Because a federal issue only appears within Defendants' counterclaims, removal jurisdiction is not proper. *See Vaden*, 556 U.S. at 61-62.

## IV. CONCLUSION AND RECOMMENDATION

It is the recommendation of the undersigned United States Magistrate Judge to the United States District Judge that Plaintiff's Motion To Remand, (ECF 8), be GRANTED.

## V. INSTRUCTIONS FOR SERVICE

The Clerk of Court is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO ORDERED.

ENTERED May 20, 2025.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that they must do so in accordance with the Order previously issued by the undersigned. (ECF 228). Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).